FILED

ORIGINAL

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
3   LISA B. BERKOWITZ, State Bar #167657
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Fifth Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3825
6   Facsimile:    (415) 554-4248
    E-Mail:    lisa.berkowitz@sfgov.org  E-filing
7

8   Attorneys for Defendant
    CITY & COUNTY OF SAN FRANCISCO
9

10                    UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13   THEODORE TARVER JR.,                  Case No 08              3500

14          Plaintiff,

15                                          **NOTICE OF REMOVAL OF**     JCS
         vs.                                **ACTION PURSUANT TO 28 U.S.C.**
16                                          **SECTIONS 1441 and 1446;**
     CITY OF SAN FRANCISCO, a public        **STATEMENT OF JURISDICTION**
17   entity, et al.,
                                            (Federal Question Jurisdiction)
18          Defendants.

19

20

21          TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF

22   CALIFORNIA AND TO PLAINTIFF THEODORE TARVER JR., AND HIS ATTORNEY OF

23   RECORD:

24          NOTICE IS HEREBY GIVEN that the City and County of San Francisco, Defendant in

25   the captioned action, San Francisco Superior Court Case No. CGC-08-476140 hereby files in the

26   United States District Court for the Northern District of California, a Notice of Removal of said

27   action to said United States District Court, pursuant to 28 U.S. C. §1441, and is filing in said

28   Superior Court a Notice of Removal.

                                                  1

1

**STATE COURT ACTION**

2     On or about June 9, 2008, plaintiff Theodore Tarver Jr. commenced a civil action in the

3    Superior Court of California, in and for the City and County of San Francisco, Action No. Case

4    No. CGC-08-476140. A copy of the summons and complaint filed in San Francisco Superior

5    Court was received by Defendant City on June 24, 2008, and is attached hereto as Exhibit A.

6    Defendant filed its answer in the Superior Court on July 21, 2008. A copy of the answer is

7    attached hereto as Exhibit B. These are the only pleadings on file to the knowledge of the

8    undersigned.

9

**JURISDICTION**

10    Where a defendant is sued in a state court for alleged federal civil rights violations, the

11    defendant has the option of defending in the state court or removing the proceeding to federal

12    court pursuant to 28 U.S.C. §1441(b). Section 1441(b) provides in relevant part:

13

14

> [a]ny civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws
> of the United States shall be removable without regard to the citizenship or
> residence of the parties.

15

16

17

Section 1441(a) states that the proper venue upon removal is to the district court "for the

district and division embracing the place where such state action is pending." 28 U.S.C.

§1441(a). Section 1446(b) provides that the notice of removal "may be filed within thirty days

18

19

after receipt by defendant. . . of a copy of an amended pleading, motion . . . or other paper from

which it may first be ascertained that the case is one which is or has become removable. . ."

20

21

22

23

24

25

26

27

28

The above-described Complaint presents a civil action of which this court has original

jurisdiction under 28 U.S.C. §1331, in that plaintiff alleges four causes of action for employment

discrimination and retaliation in violation of the laws of the United States, over which this Court

has original jurisdiction. The first cause of action alleges retaliation in violation of Title VII of

the Civil Rights Act of 1964 (42 U.S.C. §2000e et. seq.), and the third, fourth and fifth causes of

action allege violations of Americans with Disabilities Act (42 U.S.C. 12111 et. seq.) The City

files this Notice within 30 days after receipt of the Complaint, which is the first paper received

by any defendant in this action, and pursuant to Section 1441(a) and 1446(b). To the extent that

2

1  plaintiff's complaint alleges a claim or cause of action other than violations of rights under the

2  laws of the United States, said cause(s) of action may be removed and adjudicated by this Court

3  pursuant to 28 U.S.C. §1441(c).

4       WHEREFORE, Defendant prays that the above action now pending in the Superior Court

5  of the State of California in and for the City and County of San Francisco be removed in its

6  entirety to this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

7

8  Dated:  

9  DENNIS J. HERRERA
   City Attorney
   ELIZABETH SALVESON
10 Chief Labor Attorney
   LISA B. BERKOWITZ
11 Deputy City Attorney

12

13 By: _____
    LISA B. BERKOWITZ
14  Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

NOTICE OF REMOVAL TO FEDERAL COURT; STATEMENT OF JURISDICTION      N:\LABOR\LI2008\081493\00495238.DOC

RECEIVED
MAYOR'S OFFICE

Lawrence D. Murray (SBN 77536)
MURRAY & ASSOCIATES
1781 Union Street
San Francisco, CA 94123
Tele: 415/673-0555   Fax: 415/928-4084

08 JUN 24   PM 4: 07
CASE MANAGEMENT CONFERENCE SET

Attorneys for Plaintiff THEODORE TARVER, JR. - 7 2008 - 9:44M

DEPARTMENT 212

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THEODORE TARVER JR., | No.   CGC-08-476140 |
| Plaintiff, | **COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF** |
| vs. | 1) Retaliation for Asserting Rights Title VII |
| CITY OF SAN FRANCSCO, a public entity, | 2) Retaliation for Asserting Rights, FEHA |
| Does 1 through 100, inclusive, | 3) Retaliation for Asserting Rights, ADA/ Rehabilitation Act |
| Defendants. | 4) Physical/ Medical Discrimination, ADA/ Rehabilitation Act |
| | 5) Physical/ Medical Discrimination, ADA |
| | 6) Physical/ Medical Discrimination, FEHA |
| | 7) Failure To Prevent Violation of FEHA |
| | 8) Good Faith Interactive Process Under FEHA |

Plaintiff THEODORE TARVER JR. complains of Defendants, the CITY OF SAN FRANCISCO, a public entity, Does 1 through 50, inclusive, and each of them, and alleges the following causes of action against them:

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   Identities**

1.      The true names and capacities of Defendants sued herein, whether individual, corporate, associate, partnership or otherwise, and DOES 1 through 50, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names.

2.      Plaintiff will seek leave to amend this complaint to show the true names and capacities of said DOE Defendants when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE was, in some manner,

1   responsible for the occurrence and injuries alleged herein.

2       3.      At all times mentioned herein, each and every defendant was, in doing the things alleged,

3   the agent and employee of each and every other defendant, acting within the course and scope of such

4   agency and employment, and acting with the knowledge, consent, permission, and authorization of each

5   of the remaining defendants.

6       4.      All actions of each defendant herein alleged were ratified and approved by the officers or

    managing agents of each other defendant.

7       5.      Defendant, CITY OF SAN FRANCISCO is a public entity, operating and doing business

8   in the City and County of San Francisco, State of California. At all times relevant times, Defendant

9   CITY OF SAN FRANCISCO was and is an employer within the definition of employer as defined for

10  the purposes of discrimination under the Fair Employment and Housing Act, as set out in Government

11  Code §§12900, *et seq.*, and the Civil Rights Act of 1964, as set out in 42 USC 2000 (e), in that said

12  defendant employed more than the minimum number of persons in the State of California to be

13  classified as an employer, specifically well over 20,000 employees. At all times relevant the Defendant

14  CITY AND COUNTY OF SAN FRANCISCO, received federal funds for its operation in various areas,

15  including the police department, and as such, was subject to the Rehabilitation Act of 1973,

16      6.      Each act complained of here occurred in the City and County of San Francisco, State of

    California.

17      7.      At all times mentioned herein, Plaintiff TARVER had a medical condition and physical

18  disability due to a back injury from which he has recovered, and Defendants were aware of his medical

19  condition and physical disability and regarded him as having such a condition.

20      8.      Plaintiff was originally hired by the Defendant City of San Francisco on or about July 30,

21  1984, in the capacity of Police Officer for San Francisco Police Department assigned to the patrol

22  division, with later assignments to other details.

23      9.      On or about July 30, 1984, plaintiff was hired by Defendant CITY OF SAN

24  FRANCISCO in the capacity of police officer, as defined by Penal Code Section 830, *et seq*. Plaintiff

25  performed his duties in a wholly competent, diligent and professional manner and in manner consistent

26  with the interests of her employer, except as stated herein.   And he was recognized by at least one

27  Deputy Chief as an exceptional employee while working there. Further, he was subject to repeated

28  Captains commendations making him one of the most decorated officers in the San Francisco Police

*Tarver v. City of San Francisco*                              San Francisco Superior Court Number
Complaint for Damages & Injunctive Relief                                         Page  2

1  Department.

2     10.   Plaintiff worked for Defendant CITY OF SAN FRANCISCO until he was injured and

3  needed time off.  In an effort to permit time to heal, plaintiff resigned from his position of employment

4  on or about June 2001.

5     11.   By February 13, 2002, plaintiff had made a recovery, was available to return to work and

6  sought a return to his position as a peace officer for the City and County of San Francisco.  The medical
   condition of plaintiff permitted him to return to work in a full duty status.

7     12.   From February 2002, plaintiff went through the re-hiring process and through the required

8  medical review and physical examination.  The rehire process normally takes no more than six weeks.

9  In this case in the 2002 time period defendant has failed and refused to conduct the rehiring process

10  because it regards plaintiff as disabled due to his back injury.

11     13.   At the time plaintiff sought return to the position of peace officer in 2002, and at all times

12  since, plaintiff could perform the essential job function required for the position of peace officer.

13     14.   In 2002, though PLAINTIFF presented various requests for return to work, and Defendant

14  CITY OF SAN FRANCISCO knew of his condition and regarded his condition as a disability, and

15  thereafter has discriminated against him due to his disability due to fused discs in his back.

16     15.   Plaintiff sought return to work repeatedly and is capable of returning to work full time

17  without restrictions.  Plaintiff presented his first request on May 24, 2007, for lateral transfer and
   readmission into the SFPD, which request was allow to linger without any response.  At all times

18  relevant, plaintiff has met all requirements for a lateral transfer to the SFPD.  At all times since his

19  request for a lateral transfer, the SFPD has ignored the request and refused to act on said request.

20     16.   Again on November 5, 2007, plaintiff again asked to be permitted to laterally transfer.

21     17.   Again on January 2, 2008, plaintiff again asked to be permitted to laterally transfer.

22     18.   Again on February 1, 2008, plaintiff again asked to be permitted to laterally transfer.

23     19.   On February 6, 2008, the SFPD wrote to Plaintiff advising him that he would be

24  contacted by Alice Villagomez, the director or Human Resources Division in Staff Services of the SFPD

25  to follow up on plaintiff's application.  To the date of filing this complaint, more than four months later,

26  no such contact has occurred.

27     20.   On February 6, 2008, having ignored his POST certificate and plaintiff's having met all

28  criteria for a lateral transfer, Plaintiff was advised that he could take the testing procedure for new

*Tarver v. City of San Francisco*                    San Francisco Superior Court Number
Complaint for Damages & Injunctive Relief                                    Page  3

admitees into the SFPD. Plaintiff did take the testing and passed the oral boards, passed the physical agility, and his application has been pending. His file indicates that as of June 1, 2008, there is no further action taking place on his application as a new employee due to reservations and concerns about his physical disability.

21. Having been advised that plaintiff was not being permitted return to work due to "medical issues," on or about June 9, 2008, plaintiff sent an email to the backgrounds section of the SFPD asking for his return to work and offering to prove he could perform all essential functions of the job.

22. That the SFPD has failed and refused to permit a good faith interactive discussion over plaintiff's physical disability and any need for accommodation which they perceive though plaintiff has requested in writing to permit such an interactive discussion. The SFPD has failed and refused to return plaintiff to a position of employment.

23. As a result of the protected activities, the SFPD has repeatedly given a negative or less than favorable reference to plaintiff resulting in his not being hired at other agencies.

## B.  Activities Protected Under ADA, Title VII and FEHA

24. On or about May 16, 2002, Plaintiff filed a Complaint against Defendant CITY OF SAN FRANCISCO with the Department of Fair Employment and Housing, (DFEH), specifically a complaint for discrimination due to race, national origin, and disability, as well as failure to accommodate, and refused to return him to work, each of which are acts protected from retaliation. Within the 12 months before plaintiff filed his DFEH Complaint, Defendants and each of them, utilized and implemented policies, procedures, practices, and a continuing course of conduct resulting in the denial of employment for Plaintiff from his position as a peace officer from February 2002 on to the trial of this matter.

25. On or about May 21, 2002, the California Department of Fair Employment and Housing (DFEH) issued a right to sue letter to Plaintiff evidencing his exhaustion of administrative remedies for said complaints, specifically a complaint for discrimination due to race, national origin, and disability, as well as failure to accommodate, and refused to return him to work, each of which are acts protected from retaliation, and permitting him to file suit in this court against Defendant CITY OF SAN FRANCISCO.

26. On July 19, 2002, Theodore Tarver filed a "Complaint for Damages and Injunctive Relief," in the San Francisco County Superior Court against Defendants City of San Francisco. (JT 0012-0020) The claims presented by his complaint were for (1) Physical and or Medical Discrimination,

*Tarver v. City of San Francisco*                                    San Francisco Superior Court Number
Complaint for Damages & Injunctive Relief                                              Page  4

in violation of Government Code §12940(a) (FEHA), (2) failure to permit Reasonable Accommodations, a Violation of Government Code §12940(m), (3) for Failure To Prevent Discrimination in violation of Government Code §12940(k), (4) for Retaliation for Asserting Rights in violation of Government Code §12940(h), (5) for Refusal to Conduct Good Faith Process FEHA in violation of Government Code §12940(n), and (6) Family Care and Medical Leave Act, FCMLA. Tarver does not contend the trial court erred in sustaining summary judgment as to the Family Care and Medical Leave Act claim only.

27. On August 16, 2002, the City of San Francisco filed and answer to the Complaint.

28. On May 2, 2003, the City of San Francisco filed its "Motion for Summary Judgment."

29. On July 3, 2003, Plaintiff Tarver filed his "Opposition To Motion By Defendant for Summary Judgment or in the Alternative, Summary Adjudication."

30. On August 5, 2003, the order granting the Summary Judgment was filed.

31. On September 4, 2003, Judgment was filed and entered dismissing all claims.

32. On September 29, 2003, Tarver filed his Notice of Appeal.

33. On December 6, 2004, the California Court of Appeals issued its Opinion reversing the judgment based on granting Summary Judgment and reinstated suit.

34. On January 30, 2006, plaintiff's claims asserted in the prior matter proceeded to trial on the claims for Violation of the Fair Employment and Housing, Government Code Section 12940, and more particularly for subsection A, discrimination; subsection M, reasonable accommodations; and subsection K, failure to take all reasonable steps to prevent discrimination.

35. On or about March 1, 2006, the jury returned its verdict in favor of plaintiff on two counts, specifically for failure to provide reasonable accommodations and failure to take all reasonable steps to prevent discrimination.   Judgment entered thereon.

36. On or about July 28, 2006 the Defendant City of San Francisco appealed the ruling of the trial court and jury, and appeal which they have since dismissed.

37. On or about January 2007, Plaintiff appealed the ruling of the Superior Court as it relates to the award of fees, an appeal which remains undecided as of the filing of this action.

## C.    Recent Attempts To Return To Work

38. At all times relevant, Plaintiff maintained his credentials and license as a police officer by maintaining his Police Officers Standardized Training ("POST") Certificate, as of May 2007, by virtue

of his position as a police office with the Solano County Regional Parks. As such, he has maintained his ability and right to transfer into the San Francisco Police Department ("SFPD") as a "Lateral Police Officer," a program by which the San Francisco Police Department accepts officer with experience and the POST certificate into their department.

39. On or about May 24, 2007, plaintiff sought application for return to the SFPD by seeking the application packet for lateral police officer from the SFPD. Since there was no response again and again plaintiff called and wrote to the recruitment unit for a lateral transfer.

40. On or about November 5, 2007, plaintiff followed up on his attempts to return to work at the SFPD and presented another letter asking for an update on his status of returning to work, and that he be returned to work

41. On or about January 2, 2008, plaintiff followed up on his attempts to return to work at the SFPD and presented another letter asking for an update on his status of returning to work. This letter has not been answered and no further efforts have taken place on returning plaintiff to his position of employment by the SFPD.

42. On or about May 23, 2008, plaintiff followed up on his attempts to return to work at the SFPD and presented another letter asking for an update on his status of returning to work. This letter has not been answered and no further efforts have taken place on returning plaintiff to his position of employment by the SFPD.

43. On or about June 9, 2008, plaintiff sent an email to the backgrounds section of the SFPD asking for his return to work and offering to prove he could perform all essential functions of the job.

44. Though the SFPD refuses to advise or discuss its findings, concerns or medical issues with plaintiff, plaintiff is informed and believes that the SFPD has placed a hold on plaintiff's application for return to work and for employment because (a) plaintiff has previously conducted protected activities, as set out here, and (b) the SFPD continues to regard plaintiff as an injured worker, regardless of his ability to perform the essential job functions of the positions.

45. In retaliation for having complained, filed suit, reversed a dismissal, secured a jury verdict and ultimately prevailed in proving that he was the subject of disability discrimination in the form of refusal to provide a reasonable accommodation, the SFPD has stalled and refused to go forward with his application for return to work.

///

**D.    Prefiling Requirements – Exhaustion of Administrative Remedies**

46.    At all relevant times, and including numerous acts, within the 10 months immediately prior to Plaintiff filing of his EEOC Complaint, as well as subsequent to his filing of said complaint, Defendants, and each of them, established and maintained practices, policies, procedures, and a continuing course of conduct whereby they used their supervisory powers and authority over Plaintiff TARVER and others to conceal, suppress, and stifle the request for reasonable accommodations and conducted abuse, and retaliation practiced by Defendants, and each of them, against Plaintiff TARVER as employee of the CITY OF SAN FRANCISCO in the Police Department, for having requested reasonable accommodations.

47.    On or about December 7, 2007, and again on January 29, 2008, plaintiff filed a complaint with the Equal Employment Opportunities Commission in writing complaining of retaliation and refusal to employ plaintiff after having engaged in the above stated protected activities.

48.    On or about March 17, 2008, the EEOC issues its right to sue notice to plaintiff for all claims under the Americans with Disabilities Act of 1990, 42 USC 12111 et seq, and Title V, Section 503 of the act, 42 USC 12203.

49.    Within the 12 months immediately prior to Plaintiff filing of his DFEH Complaint, as well as subsequent to his filing of said complaint, Defendants, and each of them, established and maintained practices, policies, procedures, and a continuing course of conduct whereby they used their supervisory powers and authority over Plaintiff TARVER and others to conceal, suppress, and stifle the request for reasonable accommodations and conducted abuse, and retaliation practiced by Defendants, and each of them, against Plaintiff TARVER as employee of the CITY OF SAN FRANCISCO in the Police Department, for having requested reasonable accommodations.

50.    On or about January 29, 2008, plaintiff filed a complaint with the Equal Employment Opportunity Commission, and under the cross filing rules filed his California Discrimination and Retaliation complaint with the California Department of Fair Employment and Housing for, amongst other things, retaliation and disability discrimination.

51.    On or about February 5, 2008, under the cross filing rules as stated above, the California Department of Fair Employment and Housing issued a right to sue letter to plaintiff for retaliation and disability discrimination.

////

**FIRST CAUSE OF ACTION**
(Retaliation For Protected Activity – Title VII (28 USC 2000(e)-3(a))
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

52. Plaintiff incorporates each of the foregoing allegations as if set forth at length.

53. That Defendant CITY OF SAN FRANCISCO took adverse employment actions against plaintiff, including failure and refusal to hire, failure and refusal to rehire, and black listing plaintiff, in response to and in retaliation for his having participated in protected activities listed above and others, including complaints of discrimination on the basis of race and national origin, and for having engaged in and utilized a process authorized by law relating to said claims, to wit, Complaints to the DFEH and complaint and jury trial in the California Superior Court, San Francisco.

54. That plaintiff was treated less favorably as stated herein in the terms and conditions of employment, including the benefits of employment such as failure to hire, loss of income, and black listing, said actions in violation of 28 USC 2000 (e) 3 (a), retaliation for having participated in a protected activity, as said actions are listed above, and others.

55. At all relevant times, Defendant CITY OF SAN FRANCISCO has had an unwritten practice and policy in violation of 28 USC 2000 (e) 3 (a), of retaliation against those who complain of and sought enforcement of their rights, by "getting back at those who create waves."

56. As a result of the failure to promote, hostile work environment, subjected to a double standard for retention of employment and discipline, and having lost income by the refusal to return to employment, Plaintiff suffered general damages as well as loss of income, loss of benefits, and other out of pocket losses due to the acts of discrimination.

WHEREFORE, plaintiff prays judgment against defendants as set forth below:

**SECOND CAUSE OF ACTION**
(Retaliation for Asserting Rights under FEHA)
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

57. Plaintiff incorporates each of the foregoing allegations as if set forth at length.

58. That Defendant CITY OF SAN FRANCISCO took adverse employment actions against plaintiff, including failure and refusal to hire, failure and refusal to rehire, and black listing plaintiff, in response to and in retaliation for his having participated in protected activities listed above and others, including complaints of discrimination on the basis of race and national origin, and for having engaged in and utilized a process authorized by law relating to said claims, to wit, Complaints to the DFEH and

1   the California Superior Court.

2   59. That plaintiff was treated less favorably as stated herein in the terms and conditions of

3   employment, including the benefits of employment such as failure to hire, loss of income, and black

4   listing, said actions in violation of California Government Code Section 12940 (k), retaliation for having

5   participated in a protected activity, as said actions are listed above, and others.

6   60. At all relevant times, Defendant CITY OF SAN FRANCISCO has had an unwritten

    practice and policy in violation of California Government Code Section 12940 (k) of retaliation against

7   those who complain of and sought enforcement of their rights, by "getting back at those who create

8   waves."

9   61. As a result of the failure to promote, hostile work environment, subjected to a double

10  standard for retention of employment and discipline, and having lost income by the refusal to return to

11  employment, Plaintiff suffered general damages as well as loss of income, loss of benefits, and other out

12  of pocket losses due to the acts of discrimination.

13  WHEREFORE, plaintiff prays judgment against defendants as set forth below:

14

15  ## THIRD CAUSE OF ACTION??
    (Retaliation for Asserting Rights under Rehabilitation Act, 29 CFR 1630.8 et seq)
16  (Plaintiff v. Defendant CITY OF SAN FRANCISCO)

17  62. Plaintiff incorporates each of the foregoing allegations as if set forth at length.

18  63. That Defendant CITY OF SAN FRANCISCO took adverse employment actions against

19  plaintiff, including failure and refusal to hire, failure and refusal to rehire, and black listing plaintiff, in

20  response to and in retaliation for his having participated in protected activities listed above and others,

    including complaints of discrimination on the basis of disability and for having engaged in and utilized

21  a process authorized by law relating to said claims, to wit, Complaints to the DFEH and the California

22  Superior Court.

23  64. That plaintiff was treated less favorably as stated herein in the terms and conditions of

24  employment, including the benefits of employment such as failure to hire, loss of income, and black

25  listing, said actions in violation of 29 CFR 1630.8 retaliation for having participated in a protected

26  activity, as said actions are listed above, and others.

27  65. At all relevant times, Defendant CITY OF SAN FRANCISCO has had an unwritten

28  practice and policy in violation of 29 CFR 1630.8 of retaliation against those who complain of and

1    sought enforcement of their rights, by "getting back at those who create waves."

2         66.    As a result of the failure to promote, hostile work environment, subjected to a double

3    standard for retention of employment and discipline, and having lost income by the refusal to return to

4    employment, Plaintiff suffered general damages as well as loss of income, loss of benefits, and other out

5    of pocket losses due to the acts of discrimination.

6         WHEREFORE, plaintiff prays judgment against defendants as set forth below:

7

8                                **FOURTH CAUSE OF ACTION**
      (Medical/Physical Condition Discrimination in Violation of ADA 42 USC 12111 et seq)
9                     (Plaintiff v. Defendant CITY OF SAN FRANCISCO)

10        67.    Plaintiff incorporates each of the foregoing allegations as if set forth at length.

11        68.    At all relevant times throughout his employment, Plaintiff was treated less favorably than

12   others seeking employment and re-employment in the San Francisco Police Department due to his

13   physical disability, and for having been regarded as having same, in violation of 42 USC 12111,

14   including his request for return to work.

15        69.    Defendant CITY OF SAN FRANCISCO and DOES 1 through 100 acted and failed to act

16   in such a manner that they refused employment for Plaintiff THEODORE TARVER JR. on account of

     his having, and being regarded as having a physical disability.

17        70.    Defendants CITY OF SAN FRANCISCO, and DOES 1 through 100, conduct would

18   seriously affect the emotional well being of any reasonable employee and did in fact interfere with and

19   create such emotional harm to Plaintiff TARVER.

20        71.    As a result of the aforesaid conduct of defendants, TARVER was emotionally harmed

21   over his plight. He lost sleep and experienced repeated fear, fright and loss of appetite.

22        72.    Defendants' discriminatory actions against TARVER constituted unlawful

23   discrimination, harassment and retaliation in employment on account of physical disability in violation

24   of 42 USC 12111

25        73.    As a result of such discrimination, TARVER has suffered general and special damages in

     an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

26        74.    As a further proximate result of Defendants' discriminatory actions against plaintiff, as

27   alleged above, TARVER has suffered costs for a loss of income and future income loss, as well as

28   potential medical expenses in an amount not yet determined and TARVER prays leave that when these

1  amounts are known, that he may amend this complaint to alleges such amounts.

2    WHEREFORE, plaintiff prays judgment against defendants as set forth below:

### FIFTH CAUSE OF ACTION
(Medical/Physical Condition Discrimination in Violation of ADA, 42 USC 12102(2)(C))
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

75.    Plaintiff incorporates each of the foregoing allegations as if set forth at length.

76.    At all relevant times throughout his employment, Plaintiff was treated less favorably than others seeking employment and re-employment in the San Francisco Police Department due to his physical disability, and for having been regarded as having same, in violation of 42 USC 12102(2)(C including his request for return to work.

77.    Defendant CITY OF SAN FRANCISCO and DOES 1 through 100 acted and failed to act in such a manner that they refused employment for Plaintiff THEODORE TARVER JR. on account of his having, and being regarded as having a physical disability.

78.    Defendants CITY OF SAN FRANCISCO, and DOES 1 through 100, conduct would seriously affect the emotional well being of any reasonable employee and did in fact interfere with and create such emotional harm to Plaintiff TARVER.

79.    As a result of the aforesaid conduct of defendants, TARVER was emotionally harmed over his plight. He lost sleep and experienced repeated fear, fright and loss of appetite.

80.    Defendants' actions against TARVER constituted unlawful discrimination, and retaliation in employment on account of physical disability in violation of 42 USC 12102(2)(C

81.    As a result of such discrimination, TARVER has suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

82.    As a further proximate result of Defendants' discriminatory actions against plaintiff, as alleged above, TARVER has suffered costs for a loss of income and future income loss, as well as potential medical expenses in an amount not yet determined and TARVER prays leave that when these amounts are known, that he may amend this complaint to alleges such amounts.

WHEREFORE, plaintiff prays judgment against defendants as set forth below:

///
///
///

**SIXTH CAUSE OF ACTION**
(Medical/Physical Condition Discrimination in Violation of FEHA)
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

83.    Plaintiff incorporates each of the foregoing allegations as if set forth at length.

84.    At all relevant times throughout his employment, Plaintiff was treated less favorably than others seeking employment and re-employment in the San Francisco Police Department due to his physical disability, and for having been regarded as having same, in violation of Government Code Section 12940 (a), including his request for return to work.

85.    Defendant CITY OF SAN FRANCISCO and DOES 1 through 100 acted and failed to act in such a manner that they refused employment for Plaintiff THEODORE TARVER JR. on account of his having, and being regarded as having a physical disability.

86.    Defendants CITY OF SAN FRANCISCO, and DOES 1 through 100, conduct would seriously affect the emotional well being of any reasonable employee and did in fact interfere with and create such emotional harm to Plaintiff TARVER.

87.    As a result of the aforesaid conduct of defendants, TARVER was emotionally harmed over his plight. He lost sleep and experienced repeated fear, fright and loss of appetite.

88.    Defendants' discriminatory actions against TARVER constituted unlawful discrimination, harassment and retaliation in employment on account of physical disability and medical condition in violation of California Government Code §§12940, *et seq.*

89.    As a result of such discrimination, TARVER has suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

90.    As a further proximate result of Defendants' discriminatory actions against plaintiff, as alleged above, TARVER has suffered costs for a loss of income and future income loss, as well as potential medical expenses in an amount not yet determined and TARVER prays leave that when these amounts are known, that he may amend this complaint to alleges such amounts.

WHEREFORE, plaintiff prays judgment against defendants as set forth below:

///
///
///
///
///

## SEVENTH CAUSE OF ACTION

(Failure to Take All Reasonable Steps to Prevent Discrimination/ Harassment)
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

91. Plaintiff incorporates each of the foregoing allegations as if set forth at length.

92. Defendants CITY OF SAN FRANCISCO, and their agents and representatives, had an affirmative duty to take all reasonable steps necessary to prevent discrimination on the basis of physical and medical condition, prevent retaliation against those who seek employment with a reasonable accommodation, and to provide reasonable accommodations pursuant to Government Code §12940(i).

93. Defendants CITY OF SAN FRANCISCO breached their affirmative duty to take all reasonable steps necessary to prevent discrimination and provide accommodations and breached such affirmative duty to Plaintiff.

94. As a result of the failure to take all reasonable steps, including the failure to train, monitor, protect, enforce, and oversee the mandates for anti-discrimination rules and reasonable accommodations and medical leave as needed, Plaintiff has been injured in the manner set forth herein.

WHEREFORE, plaintiff prays judgment against defendants as set forth below:

## EIGHTH CAUSE OF ACTION

(Refusal to.Conduct Timely, Good Faith, Interactive Process)
(Plaintiff v. Defendant CITY OF SAN FRANCISCO)

95. Plaintiff THEODORE TARVER JR. restates and incorporates each of the foregoing and following allegations of this complaint as if set forth at length.

96. At all times mentioned herein, Defendant CITY OF SAN FRANCISCO was aware that TARVER had a physical and medical condition as stated above. Plaintiff could perform all of the essential job Plaintiff requested that he be permitted reemployment, which request was reasonable.

97. Defendant CITY OF SAN FRANCISCO refused to allow TARVER, as an applicant for reemployment, the opportunity to secure a reasonable accommodation for the purpose of continued gainful employment because he was able to fulfill the essential job functions and requirements for the position which he held with this limitation.

98. Defendant CITY OF SAN FRANCISCO refused to conduct and/or permit a timely, interactive, good faith process to determine effective reasonable accommodation after Plaintiff's request in order to allow TARVER to perform the essential functions of his position and to enjoy gainful

*Tarver v. City of San Francisco*                    San Francisco Superior Court Number
Complaint for Damages & Injunctive Relief                                         Page 13

1   employment. Such refusal to permit a reasonable accommodation amounts to and constitutes

2   discrimination against TARVER due to his medical condition.

3   **WHEREFORE,** Plaintiff THEODORE TARVER JR. prays judgment against defendants as follows:

4   a.      For a money judgment representing compensatory damages including lost wages, and all other

5   sums of money, including future benefits and future wage loss, retirement benefits and other

6   employment benefits, together with interest on said amounts, according to proof;

7   b.      For a money judgment representing compensatory damages including medical expenses and

    other special expenses for treatment and care, and all other sums of money necessary to care for the

8   Plaintiff as a result of the conduct of Defendants.

9   c.      For a money judgment awarding Plaintiff a sum according to proof as general damages for

10  physical and mental pain and emotional anguish and suffering;

11  d.      For an injunction commanding that Defendant CITY OF SAN FRANCISCO post, train, and

12  enforce the rights of all employees under the Fair Employment and Housing Act, to be free of

13  discrimination, harassment and retaliation;

14  e.      For an injunction commanding that Defendant CITY OF SAN FRANCISCO return Plaintiff to a

15  position of employment as a peace officer with all of the seniority, rights, opportunities, privileges,

16  accommodations as well as return to him all lost wages, benefits, and income sustained as a result of his

17  past, present and future losses due to the acts complained of herein, as though he had never left;

    f.      For costs of suit, including attorneys' fees; and specifically fees under the California Fair

18  Employment and Housing Act, Government Code Section 12965 (b): the Civil Rights Act of 1964, Title

19  VII, and the Rehabilitation Act, 29 USC 794 (a)(b).

20  g.      For any other relief that is just and proper as the court deems appropriate.

21

22                                          Respectfully submitted,

23  DATED: June 9, 2008                     MURRAY & ASSOCIATES

24

25

26                                          LAWRENCE D. MURRAY
                                            Attorneys for Plaintiff
27

28

---

1

DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
LISA B. BERKOWITZ, State Bar #167657
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3825
Facsimile:    (415) 554-4248
E-Mail:       lisa.berkowitz@sfgov.org

Attorneys For Defendant
CITY AND COUNTY OF SAN FRANCISCO

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 2 1 2008

GORDON PARK-LI, Clerk
BY: _____ELIZABETH ZALDIVAR____
Deputy Clerk

2

3

4

5

6

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF SAN FRANCISCO

11                              UNLIMITED JURISDICTION

12   THEODORE TARVER JR.,                    | Case No. 476140

13           Plaintiff,                       | **DEFENDANT CITY AND COUNTY OF
                                              | SAN FRANCISCO'S ANSWER TO**
14      vs.                                   | **PLAINTIFF'S COMPLAINT FOR
                                              | DAMAGES & INJUNCTIVE RELIEF**
15   CITY OF SAN FRANCISCO, a public
     entity, et al.,                          | Action Filed:        June 9, 2008
16
             Defendants.
17

18

19

20                              **GENERAL DENIAL**

21         Defendant City and County of San Francisco ("City" or "Defendant") denies each and every

22   allegation set forth in Plaintiff Theodore Tarver, Jr.'s Complaint, and denies that Plaintiff has been

23   harmed or damaged in any manner as a result of any act or omission by Defendant.

24         In addition, Defendant alleges the following affirmative defenses.

25                              **AFFIRMATIVE DEFENSES**

26   FIRST AFFIRMATIVE DEFENSE

27         As a first affirmative defense, Defendant alleges that the Complaint fails to state facts

28   sufficient to constitute any cause of action against Defendant.

1

1   SECOND AFFIRMATIVE DEFENSE

2        As a second affirmative defense, Defendant alleges that Plaintiff's claims are barred by the

3   applicable statute of limitations, including, but not limited to, those set forth in Chapter 3 of Title 2

4   of Part 2 of the California Code of Civil Procedure.

5   THIRD AFFIRMATIVE DEFENSE

6        As a third affirmative defense, Defendant alleges that Plaintiff has failed to exhaust his

7   administrative remedies, a jurisdictional prerequisite to his action under the California Fair

8   Employment and Housing Act.

9   FOURTH AFFIRMATIVE DEFENSE

10       As a fourth affirmative defense, Defendant alleges the various immunities conferred upon it

11  pursuant to the California Government Code, and other applicable provisions of law including, but

12  not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

13  FIFTH AFFIRMATIVE DEFENSE

14       As a fifth affirmative defense, Defendant alleges that Plaintiff is estopped and has waived by

15  his conduct from asserting any cause of action against Defendant.

16  SIXTH AFFIRMATIVE DEFENSE

17       As a sixth affirmative defense, Defendant alleges that Plaintiff has failed to mitigate his

18  damages, if any.

19  SEVENTH AFFIRMATIVE DEFENSE

20       As an seventh affirmative defense, Defendant alleges that this action is barred, in whole or

21  in part, by the doctrine of res judicata and/or collateral estoppel and/or issue preclusion, and/or

22  unclean hands and/or laches, and theories that preclude double recovery of damages.

23  EIGHTH AFFIRMATIVE DEFENSE

24       As an eighth affirmative defense, Defendant alleges that Plaintiff as a result of his alleged

25  disability is unable to perform the essential functions of his position with or without reasonable

26  accommodation.

27  NINTH AFFIRMATIVE DEFENSE

28

2

As a ninth affirmative defense, Defendant alleges that Plaintiff as a result of his alleged disability is unable to perform the essential functions of his position without endangering the health or safety of Plaintiff or others, even with reasonable accommodation, which Defendant alleges Plaintiff must prove he requested.

TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, Defendant alleges that any accommodation sought by Plaintiff would impose an undue hardship on Defendant in that such an accommodation would be unduly costly, burdensome and negatively impact the operation of Defendant's business.

ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Defendant alleges that the job duties of a police officer are job-related and consistent with business necessity.

TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Defendant alleges that Plaintiff cannot prove a prima facie case of physical/medical disability discrimination as required under FEHA.

THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Defendant alleges Plaintiff cannot establish a prima facie case of retaliation under Government Code section 12940(h).

FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, Defendant alleges Plaintiff cannot establish a prima facie case of any violation of the ADA.

FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, Defendant alleges Plaintiff cannot establish a prima facie case of retaliation under Title VII of the Civil Rights Act.

SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense, Defendant alleges that if Plaintiff cannot establish that Defendant had a duty to conduct a timely, good faith, interactive process, and Plaintiff cannot establish that Defendant failed to so perform.

3

n:\labor\li2008\081493\00495224.doc

1    SEVENTEENTH AFFIRMATIVE DEFENSE

2        As a seventeenth affirmative defense, Defendant alleges that Plaintiff is not entitled to

3    injunctive relief in this case.

4    EIGHTEENTH AFFIRMATIVE DEFENSE

5        As a separate and affirmative defense to the Complaint and to each and every allegation

6    contained therein, defendant alleges that plaintiff failed to (1) exhaust his administrative and/or

7    contractual remedies and/or (2) satisfy other jurisdictional and/or procedural prerequisites prior to

8    filing suit.

9    NINETEENTH AFFIRMATIVE DEFENSE

10       As a separate and affirmative defense to the Complaint and to each and every allegation

11   contained therein, defendant alleges that its conduct at all times material herein was privileged

12   and/or justified under applicable law.

13   TWENTIETH AFFIRMATIVE DEFENSE

14       As a separate and affirmative defense to the Complaint and to each and every allegation

15   contained therein, defendant alleges that all allegations of plaintiff's Complaint are not ripe, as

16   plaintiff has not been refused employment and/or accommodation as alleged to date.

17   TWENTY-FIRST AFFIRMATIVE DEFENSE

18       As a separate and affirmative defense to the Complaint and to each and every allegation

19   contained therein, defendant alleges that all allegations of Plaintiff cannot establish a prima facie

20   case of failure to prevent discrimination under FEHA.

21

22

23

24

25

26

27

28

Answer to Complaint – Case No. 476140                    n:\labor\li2008\081493\00495224.doc

1    WHEREFORE, defendant prays for judgment as follows:

2    1.    That plaintiff takes nothing from defendant;

3    2.    That the complaint be dismissed with prejudice;

4    3.    That defendant recovers costs of suit herein, including attorney's fees; and

5    4.    For such other relief as is just and proper.

6

7

8    Dated:    7/31/08

9
                              DENNIS J. HERRERA
10                             City Attorney
                              ELIZABETH S. SALVESON
11                             Chief Labor Attorney
                              LISA B. BERKOWITZ
12                             Deputy City Attorney

13
                         By
14                             LISA B. BERKOWITZ

15                             Attorneys for Defendant
                              CITY AND COUNTY OF SAN FRANCISCO
16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5

## PROOF OF SERVICE

### *Tarver v. City of San Francisco;* SC #476140

I, JUDY PERRY, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On July 21, 2008, I served the following document(s):

### DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

on the following persons at the locations specified:

Larry Murray, Esq.                          Attorney for Plaintiff
Murray & Associates
1781 Union St.
San Francisco, CA 94123

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 21, 2008, at San Francisco, California.

_____
JUDY PERRY

1