DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
LISA B. BERKOWITZ, State Bar #167657
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3825
Facsimile: (415) 554-4248
E-Mail: lisa.berkowitz@sfgov.org

Attorneys For Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE TARVER JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN FRANCISCO, <br> a public entity, et al., <br><br> Defendants. | Case No. CV 08-03500 SI <br><br> **STIPULATED PROTECTIVE ORDER** |

**STIPULATION**

**I.      PURPOSES AND LIMITATIONS**

The parties acknowledge that Plaintiffs will seek through discovery from Defendant City and County of San Francisco ("City") the production of certain documents, files, records or other information from the City's employee and applicant personnel files, including peace officer personnel information which are protected by federal and state laws, including the Police Officers Bill of Rights, California Government Code sections 3300 *et. seq.*, as well as the disclosure of other confidential personnel information, including Plaintiff's own background file, through deposition testimony, interrogatories, requests for admission and other written discovery.

Stipulated Protective Order
Case No. CV 08-03500 SI

1

z:\tarver, theodore (ldm)\case #2 app for return to service\pleadings\stippro.doc

All parties agree and hereby stipulate to a protective order providing that such information exchanged and/or discovered in this action shall be used only in the above-entitled action for the purpose of this litigation, and only in accordance with the terms of this stipulated protective order. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulation and Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties therefore STIPULATE as follows:

1. <u>Designations</u>: Either party may designate non-plaintiff peace officer documents, files, records or other information protected by the Police Officers Bill of Rights, California Government Code Sections 3300, *et seq.* and background files as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2. <u>Scope and Access</u>:

   (A) <u>Scope</u>: The designation of plaintiff's background file and non-plaintiff peace officer documents, files, records or other information as "CONFIDENTIAL" shall be used to protect privacy rights which may be implicated in producing confidential personnel information of City employees, including confidential personnel information related to peace officers. Plaintiff does not concede that such privacy rights exist, however in order to facilitate discovery, plaintiff will proceed with this requested Protective Order. Issues subject to such designation include but are not limited to written discovery regarding personnel information of City employees. The designation of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used specifically to protect the identities of applicants to the City, including the SFPD, and current employees of the City, including the SFPD, and shall apply to any documents that contain the name, social security number or other identifying

Stipulated Protective Order
Case No. CV 08-03500 SI
2
z:\tarver, theodore (ldm)\case #2 app for return to service\pleadings\stippro.doc

FEB-06-2009 12:53    14159284084    98%    P.02

information of such persons. If one party designates a document, or portion thereof, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," that party and those attorneys representing that party shall also handle the documents and or designations as required of the other party or attorneys, and the failure to do so will constitute grounds for sanctions.

(B) <u>Access To "CONFIDENTIAL" Information</u>: Any documents, files, records or other information designated by one party as "CONFIDENTIAL" shall not be exhibited or disclosed by the other party's counsel to other persons except as follows, unless authorized by further order of the Court:

(i) the court and court reporters;
(ii) the parties or authorized agent (as in the case of a governmental entity);
(iii) counsel and counsel's secretaries and assistants;
(iv) experts, investigators or consultants retained by counsel to assist in the evaluation, preparation or testimony of this case; and
(v) any witness who authored, received or can confirm the contents of a CONFIDENTIAL document.

All such disclosures to persons in categories (iv) and (v) shall be governed by an agreement by the person receiving the information that he or she has received a copy of this protective order and agrees to comply with its terms. (See Exhibit A attached.)

(C) <u>Access to "CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information</u>:

Any documents, files, records or other information designated by one party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be exhibited or disclosed by the other party's counsel to other persons except as follows, unless authorized by further order of the Court:

(i) the court and court reporters;
(ii) counsel and counsel's secretaries and assistants;
(iii) experts, investigators or consultants retained by counsel to assist in the evaluation, preparation or testimony of this case.

If a portion of a document may be designated as ATTORNEY'S EYES ONLY in order to achieve the needed protection, it will be so designated and the remained may be utilized without this restriction. All such disclosures to persons in categories (iii) shall be governed by an agreement by the person receiving the information that he or she has received a copy of this protective order and agrees to comply with its terms. (See Exhibit A attached.)

Stipulated Protective Order  3  z:\tarver, theodore (ldm)\case #2 app for return to
Case No. CV 08-03500 SJ  service\pleadings\stippro.doc

3. <u>Restricting Use To This Litigation</u>: Documents, files, records or other information, or portions thereof, designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only in the above-entitled litigation for the purpose of this litigation, and only in accordance with the terms of this stipulation and order.

4. <u>Disputed Designations</u>: Either party may contest at any time the designation by the other party of documents, files, records or other information, or portions thereof, as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Nothing in this order shall impair the right of any party to seek appropriate judicial protection, review, or relief with respect to any ruling of the Court made pursuant to this order.

5. <u>Request to Disclose to a Prohibited Person</u>: In the event either party desires to exhibit or disclose "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, files, records or other information, or designated portion thereof, to persons prohibited by this stipulation, the moving party shall meet and confer with opposing counsel in an attempt to reach an agreement. If the parties cannot reach an agreement, the moving party shall file the appropriate motion with the court seeking relief from this stipulation and order before use of the materials as sought.

6. <u>Duration</u>: All documents, files, records and other information designated "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall remain so until the Court specifically rules otherwise, including during the period a designation is disputed or a request to disclose to a person is disputed.

7. <u>Pleadings and Other Court Filings</u>: If counsel for either party refers to materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in motion papers or pleadings filed with the Court, counsel must protect the confidentiality of those materials, may not quote or include those materials in public filings, but may file any documents under seal pursuant to Civil Local Rule 79.5, Judge Illston's Standing Order, other applicable Court rules and procedures, and in accordance with this stipulation and order.

8. <u>Use at Trial</u>: In the event any party desires to exhibit documents or disclose material covered under this stipulation to witnesses during trial or pretrial proceedings, such party shall meet

Stipulated Protective Order 4  z:\tarver, theodore (ldm)\case #2 app for return to
Case No. CV 08-03500 SI service\pleadings\stippro.doc

and confer with opposing counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. If the parties cannot reach an agreement, the dispute shall be submitted to the Court.

9. <u>Return of Documents</u>: At the conclusion of this litigation, the parties shall return to the disclosing party all original and electronic and other copies of documents marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon request.

10. <u>Unauthorized Disclosure</u>: If the Court finds that either party is responsible for the unauthorized disclosure of any "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, files, records or information relating to this lawsuit, the parties and counsel may be subject to sanctions.

11. <u>Impact of Federal, State, and Local Laws on this Stipulation and Order</u>: Nothing in this Stipulation and Order shall affect the City's right to object to and refuse disclosure of confidential information through discovery pursuant to applicable federal, state, and local laws, including but not limited to the Police Officers Bill of Rights, California Government Code sections 3300 *et. seq.* and Penal Code Section 832.7, unless authorized by further Court order.

12. <u>Modification of this Order</u>: This order is subject to modification pursuant to motion procedures by either party.

13. <u>Inadvertent Failures to Designate:</u> If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

14. <u>Challenging Confidentiality Designations:</u>

Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge

Stipulated Protective Order 5 z:\tarver, theodore (ldm)\case #2 app for return to
Case No. CV 08-03500 SI service\pleadings\stippro.doc

1 a confidentiality designation by electing not to mount a challenge promptly after the original
2 designation is disclosed.

3 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's
4 confidentiality designation must do so in good faith and must begin the process by conferring directly
5 (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the
6 Designating Party. In conferring, the challenging Party must explain the basis for its belief that the
7 confidentiality designation was not proper and must give the Designating Party an opportunity to
8 review the designated material, to reconsider the circumstances, and, if no change in designation is
9 offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next
10 stage of the challenge process only if it has engaged in this meet and confer process first.

11 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation
12 after considering the justification offered by the Designating Party may file and serve a motion under
13 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the
14 challenged material and sets forth in detail the basis for the challenge. Each such motion must be
15 accompanied by a competent declaration that affirms that the movant has complied with the meet and
16 confer requirements imposed in the preceding paragraph and that sets forth with specificity the
17 justification for the confidentiality designation that was given by the Designating Party in the meet
18 and confer dialogue.

19 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
20 Until the court rules on the challenge, all parties shall continue to afford the material in question the
21 level of protection to which it is entitled under the Producing Party's designation.

22 ///
23 ///
///
24 ///
///
25
26
27
28

Stipulated Protective Order          6          z:\tarver, theodore (ldm)\case #2 app for return to
Case No. CV 08-03500 SI                         service\pleadings\stippro.doc

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: 2/10/09

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
LISA B. BERKOWITZ
Deputy City Attorney

By: /s/ L. Berth
LISA B. BERKOWITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: Feb 5, 2009

MURRAY & ASSOCIATES

/s/ Lawrence D. Murray
LAWRENCE D. MURRAY, Esq.
THEODORE TARVER JR.
Attorney for Plaintiff

*Pursuant to General Order 45, the electronic signatory of this documents attests that this individual concurs in his electronic signature of this document. The actual signature page is on file.

**ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

Dated:

/s/ Susan Illston
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE